Reynolds, J.
In this case the question arises whether, under the act passed April 24, 1862, providing for mechanics’ liens in Kings and Queens counties, the prevailing party, in an action brought to foreclose a lien, is entitled to costs as a matter of course.
Subdivision 4 of section 2 of said act provides, in broad and comprehensive terms, that the pleadings and practice in such actions shall be the same as in civil actions ; that costs shall be taxed and recovered pursuant to the “law, rules and practice in-such civil ac *128 tions and that “such action shall be governed, and the judgment thereon enforced, in the same manner as upon issues joined and judgments rendered in all other such civil actions aforesaid;” and in section 6 it is more explicitly provided that “ costs shall be allowed npon the same principles and by the same rules in the action as they are now allowed by statute in civil actions aforesaid, and shall form a part of the judgment, except in cases where the amount of recovery is less than fifty dollars, no more costs than damages shall be allowed to the party recovering such judgment.”'
It is claimed that the language of the section last quoted imperatively requires the allowance of costs to the successful party. I do not so understand it. I think the plain intention was to put these actions upon the same ground as to costs, as if they had been embraced -by the Code. Costs in these actions are to be allowed “ upon the same principles ” as in other cases. Turning to the Code on the subject of costs, we find that in certain specified classes of actions, costs shall be given or withheld, according to the rules which are prescribed by section 306. In other actions costs may be allowed or not, in the discretion of the court.” Actions for the foreclosure of mechanics’ liens, are plainly not among the classes mentioned in section 304, and come within the designation, “other cases.” I tlrmk it follows that the allowance of costs, in an action under this statute, is in the discretion of the court. Any other construction of the statute would apply different “principles and rules” from those which govern other civil actions, and which would have governed this, if it had been in existence at the time of the adoption of the Code. The legislature, on the other hand, seem to have meant to place it on the same footing as if it had been originally embraced in that system. This conclusion is strengthened by reference' to section 13 of the act, which provides that *129 the contractor or sub-contractor may be sued with the owner, and in case of recovery against the contractor or sub-contractor, in addition to judgment against the owner, the court may award costs against such of the parties as shall be just. The reasons given by the court in this case for the refusal of costs to the plaintiff, seem to have been sufficient, and we do not feel called npon to interfere with that disposition of the matter.
The order should be affirmed.
Neilsoh, Ch. J., concurred.